Michael J. Guarino, Mark J. Kelly, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

**Cleveland Alfred WALLACE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–88–136–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 13, 1988.

OPINION

ROBERTSON, Justice.

Appellant entered a plea of guilty to the offense of aggravated sexual assault and a plea of true to an allegation of a conviction

for a felony; in accordance with a plea agreement the trial court assessed his punishment at fifteen years confinement. The only issue is whether he received effective assistance of counsel. We affirm.

Appellant was indicted on June 24, 1987 for the aggravated sexual assault of his step-daughter. Following his arrest he executed a paupers affidavit and Miles Whittington was appointed on July 24 to represent him. Whittington filed various pre-trial motions on August 18 and the next day appellant sent a letter to the court requesting that Whittington be dismissed as his attorney. Later that same day he sent a note to the clerk which stated "Please disregard my earlier request of this date requesting new counsel. I was overreacting to anger." On August 26, he sent another letter to the court requesting again that Whittington be dismissed. On September 9 the trial court granted appellant's request and appointed Mitchel S. Howie. On October 16, the attorneys for the state and defense filed a joint motion for a preferential setting because both prosecution and defense out-of-state witnesses were necessary for trial. The trial court granted the motion and set the trial preferentially for November 16. Howie proceeded to prepare for trial by filing discovery motions, a *Brady* motion, a certificate to secure an out of state witness, letters to Child Protective Services and the Board of Pardons & Paroles, as well as motions in limine. On November 13, however, appellant entered a plea of guilty. The admonitions given by the trial court prior to accepting the guilty plea and the plea proceedings follow:

"You are Cleveland Alfred Wallace?

"MR. WALLACE: Yes, sir.

"THE COURT: And you are here with your attorney, Mitch Howie.

"MR. WALLACE: Yes, sir.

"THE COURT: And you were appointed, Mr. Howie?

"MR. HOWIE: I was appointed, Your Honor.

"THE COURT: You've been appointed more than ten days prior to today?

"MR. HOWIE: Yes, Your Honor.

"THE COURT: Mr. Wallace, you stand charged by grand jury indictment with aggravated sexual assault with a child with enhancement. Do you understand—

"MR. WALLACE: Yes, sir.

"THE COURT: —what you're charged with.

"Would you like to have the indictment read to you?

"MR. WALLACE: No, sir.

"THE COURT: Or do you waive the reading?

"MR. WALLACE: I waive the reading, Your Honor.

"THE COURT: You understand that this is a first degree felony with enhancement, and range of punishment is not less than fifteen years or more than ninety-nine years or life in the Texas Department of Corrections, in addition a fine of up to ten thousand dollars. Do you understand that range of punishment?

"MR. WALLACE: Yes, sir.

"THE COURT: Could be assessed in such a case as this?

"MR. WALLACE: Yes, sir.

"THE COURT: I understand that it's your intention to plead guilty here before the Court this afternoon?

"MR. WALLACE: That's right.

"THE COURT: You understand that you have a right to a jury trial?

"MR. WALLACE: Yes, sir.

"THE COURT: And that is a very valuable right. You have discussed it with your attorney, you understand that right?

"MR. WALLACE: Yes, sir.

"THE COURT: And I ask you, do you waive it, waive a jury hearing this case or not, what's your desire?

"MR. WALLACE: Yes, sir, I waive the jury.

"THE COURT: Understand what you are doing?

"MR. WALLACE: Yes, sir.

"THE COURT: Understand that there has been a recommendation for punishment

**48**

from the District Attorney. Understand that I am not bound by that recommendation?

"MR. WALLACE: Yes, sir.

"THE COURT: However, if I could not accept the recommendation, then I will allow you to withdraw your plea of guilty and nothing done here today will be used against you.

"MR. WALLACE: Yes, sir.

"THE COURT: Do you still persist in pleading guilty?

"MR. WALLACE: Yes, sir.

"THE COURT: Anyone force you to plead guilty?

"MR. WALLACE: No, sir.

"THE COURT: Anyone promise you anything in order to get you to plead guilty?

"MR. WALLACE: No, sir.

"THE COURT: Anyone told you that the Governor of Texas will pardon you if you plead guilty?

"MR. WALLACE: No, sir.

"THE COURT: Why are you pleading guilty?

"MR. WALLACE: Of my own free will.

"THE COURT: I'm sorry?

"MR. WALLACE: Of my own free will, Your Honor.

"THE COURT: Are you pleading guilty because you are—

"MR. WALLACE: Yes, sir.

"THE COURT: Do you have any mental problems?

"MR. WALLACE: Not to my knowledge, Your Honor.

"THE COURT: Mr. Howie, do you have any opinion as to Mr. Wallace's mental competency to stand trial?

"MR. HOWIE: Yes, sir, Your Honor, we've had extensive interviews over the last month, and I feel he understands the charges and he is competent.

"THE COURT: I find you, Cleveland Alfred Wallace, appear to be mentally competent to stand trial and your plea of guilty is freely and voluntarily made and I will accept your plea and find you guilty if the evidence supports your plea.

"Mr. Richbook.

"MR. RICHBOOK. Thank you, Your Honor.

"Your Honor, in Cause Number 87CR0485, the State would proceed by written stipulation of evidence, wherein Cleveland Alfred Wallace judicially confesses his guilt to the offense of aggravated sexual assault, and further admits he is one and the same person previously convicted in Cause Number 405806 out of the 184th District Court of Harris County, Texas, on May 19, '87 of the felony offense of unauthorized use of a vehicle.

"Mr. Wallace I show you document labeled Stipulation of Evidence. Have you had a chance to read this over?

"MR. WALLACE: Yes, sir.

"MR. RICHBOOK: And discussed it with your attorney, Mr. Howie?

"MR. WALLACE: Yes, I have.

"MR. RICHBOOK: Is that your signature on this document?

"MR. WALLACE: Yes, sir, it is.

"MR. RICHBOOK: And you signed this freely and voluntarily?

"MR. WALLACE: Yes, sir.

"MR. RICHBOOK: You understand that by signing this document, that you are judicially confessing your guilt in front of Judge Engelke today, and further admitting that you are one and the same person who's previously been convicted of a felony offense?

"MR. WALLACE: Yes, sir.

"MR. RICHBOOK: And understand the consequences of signing this document?

"MR. WALLACE: Yes, sir.

"MR. RICHBOOK: And you've done so freely and voluntarily?

"MR. WALLACE: Yes, sir.

"MR. RICHBOOK: Your Honor, offer this Stipulation of Evidence into the record, tender to Mr. Howie for his inspection.

"MR. HOWIE: No objections, Your Honor.

"THE COURT: There being no objections, it's admitted.

"Anything further, Mr. Richbook?

"MR. RICHBOOK: State rests, Your Honor.

"MR. HOWIE: Defense rests, Your Honor.

"THE COURT: Based on your plea of guilty and the evidence presented by the State, I find you guilty of aggravated sexual assault on a child with enhancement.

"Is there a recommendation?

"MR. RICHBOOK: Yes, sir, fifteen years in the Texas Department of Corrections.

"THE COURT: Is that your understanding, Mr. Wallace?

"MR. WALLACE: Yes, sir.

"THE COURT: Is that your understanding, Mr. Howie?

"MR. HOWIE: Yes, sir.

"THE COURT: I accept the recommendation from the State and assess your punishment at fifteen years confinement in the Texas Department of Corrections. You signed a waiver of time to file motion for new trial and arrest of judgment. Is that your desire?

"MR. WALLACE: Yes, Your Honor.

"THE COURT: Do you have anything to say what [sic] sentence should not now be pronounced?

"MR. WALLACE: No, sir.

"THE COURT: Defendant having answered nothing in bar thereof, it is ordered in accordance with the judgment that you be confined in the Texas Department of Corrections for a period of fifteen years. In the event you wish to appeal some pretrial portion and cannot afford an attorney, one will be appointed for you. If you could not afford a record on appeal, you will be provided that free of charge. Do you understand?

"MR. WALLACE: Yes, sir.

"THE COURT: Now, do you wish to appeal this case?

"MR. WALLACE: No, sir.

"MR. RICHBOOK: Your, Honor, if I can be excused for a moment, I believe there may be a typical [sic] error wrote on the stipulation as to the date of enhancement. It should be May 1986.

"THE COURT: Can you correct that?

"MR. RICHBOOK: Your Honor, we can correct that now—

"THE COURT: You do that with stipulation?

"MR. RICHBOOK: Mr. Wallace, is that okay with you?

"MR. WALLACE: Yes, sir, it's fine with me.

"MR. RICHBOOK: Mr. Wallace, all I've done is change the May 1987 to May 1986. If you wouldn't mind, go ahead and put your initials by there.

"MR. WALLACE: Okay.

"(Witness complies.)

"THE COURT: You're requesting there be no pre-sentence investigation prior to setting punishment, is that correct?

"MR. WALLACE: Yes, sir.

"THE COURT: Good luck to you, sir. In addition to these oral admonishments appellant signed a (1) written waiver of reading of indictment, (2) written waiver of jury, (3) written agreed punishment recommendation, (4) written waiver of ten days preparation for trial and approval of counsel (where he stated that "he is totally satisfied with the representation given him by his appointed attorney and that his counsel was completely competent in every aspect of his representation"), (5) written judicial confession, (6) written waiver of time to file motions for new trial and in arrest of judgment, (7) written waiver of right of appeal and (8) written waiver of rights.

Two days later appellant wrote two letters to the court requesting that he be permitted to withdraw his plea of guilty. He wrote another letter to the court the following day to the same effect.

The judge had appellant brought to the court on November 20. His attorney and the district attorney were present. Appellant claimed he was under duress and was coerced by his attorney into entering a plea of guilty and requested that he be permitted to withdraw his plea. His counsel addressed the court:

MR. HOWIE: Your Honor, if it please the court. It may be best for, even at this time, for Mr. Wallace to have another attorney to address his request to withdraw his plea of guilty, because he has made accusations against my competency, and he feels like he has had inadequate counsel. I do not feel that it's proper for me, to be able to—

THE COURT: Truly you are in an awkward position, I would imagine.

MR. HOWIE: I am trying to represent him to the best of my ability, and—but I would request, with permission of Mr. Wallace, that I be allowed to withdraw from this case. And I would ask the Court to defer any decision on his being allowed to withdraw his plea of guilty until he has another attorney.

The trial court granted Mr. Howie's motion to withdraw, denied appellant's motion to withdraw his plea and appointed Henry S. Coltzer to represent appellant. Coltzer filed a motion for new trial and on January 27, 1988, a hearing was held thereon. Appellant testified again that he was coerced into entering his plea of guilty. The trial court denied the motion for new trial; appellant gave notice of appeal, and the trial court appointed yet another attorney, his present counsel, to represent appellant on this appeal.

■ In his first point of error appellant contends the trial court erred in denying his motion for new trial because he "established that his plea of guilty was entered without benefit of effective assistance of counsel." Appellant does not detail any evidence upon which he relies in support of his position that he established that his plea was entered without benefit of effective assistance of counsel. His only statement is that "the defendant's testimony shows by a preponderance of the evidence that he plead guilty unwillingly in the face of the improper and unconstitutional choice between going to trial with a lawyer who was not willing to zealously undertake his defense, or pleading guilty and waiving his right to jury trial." We do not agree. Appellant was the only one to testify and when asked what exactly did his trial counsel do to coerce him to plead guilty, appellant answered:

Actually what I felt, sir, was that I had been misled by Mr. Howie; and I felt I was coming up to a situation that was a no-win situation but due to the fact that the trial was due on Monday and he had subpoened no witnesses or filed no pretrial motions. He had stated to me that Judge Dalehite, who he said would be presiding as the Court, would allow six to eight hearsay witnesses to testify against me and he would file no motion to block this.... that he was not going to subpoena any prior inconsistent statements in the use of defense nor witnesses of the four witnesses which I had spoken to him about previously. He called my sister and told her the same thing and told us both that if I went on to court under these circumstances I was looking at 50 to 60 years. He didn't see any way possible that I might win in trial and that this was in essence the lesser of two evils.

The trial court was not bound to accept appellant's testimony as true and, in fact, was entitled to totally disregard it in view of the lengthy and specific admonitions he had given appellant and the unequivocal responses appellant made before the plea of guilty was accepted. Furthermore, the record shows trial counsel had in fact made preparations for trial and an effort to preserve appellant's rights. *Mcmann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Appellant's contention is totally without merit and is overruled.

In his second point of error appellant contends he was not provided the benefit of effective assistance of counsel in connection with the presentation of his motion for new trial. The facts which appellant states under the point that support his contention

are: "Mr. Coltzer did not see fit to call his predecessor to give testimony, but adduced only the testimony of the Defendant. The general tone of his direct examination of the Defendant was more prosecutorial than it was oriented to establish ineffective assistance of counsel and win new trial. His closing argument was not addressed to the issues of ineffective assistance of counsel in connection with the taking of the guilty plea, but rather to Defendant's poor judgment in choosing to urge his motion for new trial." We are not impressed.

In reviewing the testimony developed at the motion for new trial, his then counsel developed appellant's basis for his contention that the plea was involuntary. He then had appellant acknowledge on the record that he had informed appellant that based upon the various documents he had signed at the plea proceeding, it was "improbable" the judge would grant a new trial, that the probabilities were "most remote" that he would get any relief on appeal, but that it was still his (appellant's) desire to pursue the matter. Appellant further acknowledged on the record that Mr. Coltzer had informed him that it would probably be in his best interest to withdraw his motion for new trial and notice of appeal and accept the sentence and "go on and try to make as fast a discharge as possible." Finally, appellant acknowledged on the record that Mr. Coltzer had informed him that "considering the nature of the discussions that I was having with you and their negative effect", appellant had a right to request the judge to appoint another lawyer, and appellant further stated "I have no problems with you as my attorney myself." Aside from this statement which appellant now contradicts, appellant has failed to show even a reasonable probability that the outcome of the proceeding would have been favorable if counsel's performance had been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant's contention in this regard is also without merit.

We have previously expressed our displeasure with the frequency of groundless charges of ineffective assistance of counsel made by other counsel. It appears that judicial resources could and should be better utilized. Although this opinion would not ordinarily be published, we have ordered publication to place of record this problem in the area of totally frivolous appeals. While we jealously guard the right of appellate review, the problem of overburdening our appellate courts with frivolous appeals needs to be addressed.

The judgment is affirmed.